# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEONILA BAIRD,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1006**  (BOR Appeal No. 2045345)
(Claim No. 2010102815)

**JOHN Q. HAMMONS HOTELS, L.P.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonila Baird, by J. Philip Fraley, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. John Q. Hammons Hotels, L.P., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 8, 2011, in which the Board affirmed a November 5, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges held that it no longer has jurisdiction over Ms. Baird's claim for workers' compensation benefits, which was denied by the claims administrator on September 18, 2009. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Baird was employed as a housekeeper with John Q. Hammons Hotels when she began to experience chest pain with movement while performing her normal employment duties on July 20, 2009. On September 18, 2009, the claims administrator stated: "An investigation of the circumstances and events related by you as involved in the alleged injury reflects sufficient inconsistencies and contradictions to conclude that you were not injured in the course of or as a result of your employment. Particular consideration is given to the fact that you reported chest pain. Accordingly your claim is denied."

1

In its November 5, 2010, Order, the Office of Judges held that it no longer had jurisdiction to consider the claim. Ms. Baird disputes this finding and asserts that her inability to understand the process involved in prosecuting a workers' compensation claim is sufficient to toll the statutorily mandated time frame for filing a protest of the claims administrator's decision.

West Virginia Code § 23-5-1(b)(1) (2009) states that a claimant has sixty days from the date the claims administrator's decision is received to file a protest, or under West Virginia Code § 23-5-6 (2003), up to one hundred twenty days if good cause or excusable neglect is established. The September 18, 2009, claims administrator's decision clearly states that Ms. Baird had sixty days to file a protest, and provides detailed instructions for doing so. The Office of Judges found that Ms. Baird requested a late filing of protest approximately one year after the date of the claims administrator's decision. The Office of Judges further found that there is no evidence that Ms. Baird did not receive notice of the claims administrator's decision shortly after it was entered. The Board of Review reached the same reasoned conclusions in its decision of June 8, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II